## ALLOWANCES OF ALIMONY.

Common Pleas Court of Franklin County.

### J. WILLIAM HOWE v. DAISY HOWE.

Decided, December 20, 1918.

*Divorce and Alimony—Property or Income of Husband—May be Subjected to Payment of a Judgment for Alimony—Three Alternative Rights Upon Which an Award May be Based.*

Alimony based on the aggression of the husband may be allowed out of his real property, or out of tangible personal property, or if he has neither real or personal property but is dependent upon his earning powers and the wage or income produced thereby, the wife may be given a decree for money to be paid in gross or in installments out of the proceeds of his business, trade or occupation.

*Ralph H. Henney* and *J. J. Chester,* for plaintiff.
*J. F. Atwood* and *H. L. Dowd,* contra.

KINKEAD, J.

Plaintiff moves the court to set aside the order made May 2d, 1910, and subsequent dates directing him to pay defendant $65 per month alimony for the reason that the order was without authority of law. The order required plaintiff to pay the amount for his "property and earnings."

I find an order made March 2, 1910, granting defendant a divorce and ordering and decreeing that—

"alimony out of and charged upon the property and earnings of the plaintiff in the sum of sixty-five ($65) per month, be-

ginning with March 1, 1910, be and the same is hereby decreed and allowed as alimony to the said defendant, etc., * * * that said sum of $65 per month allowed to the defendant as alimony herein shall be paid * * * on the first day of each and every month until the further order of the court.''

In support of this motion *Lape* v. *Lape*, 28 O. C. A., 108* (Hamilton County Court of Appeals), is cited. It was held in this case that—

''An allowance of alimony to a wife can not be based on future personal earnings or wages of the husband, and where the allowance is made in connection with a decree for divorce to the wife on account of the aggression of her husband, it must be based on property owned by him at the time the decree is granted.''

Two sections of the code prescribe the statutory powers of the court in entering judgment for alimony, viz: Section 11990 provides that when divorce is granted because of the husband's aggression the court may,

''allow such alimony *out of her husband's property* as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.''

Section 11991 provides that:

''Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable.''

When the wife files her cross-petition for divorce and alimony upon the filing of a petition for divorce by the husband, Section 11998 provides in such case, when the proof substantiates the charges by the wife, the court may,

*Lape* v. *Lape* was reversed by the Supreme Court after this opinion was announced. For syllabus of *Lape* v. *Lape*, see *Ohio Law Reporter* of January 27th last.

"give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."

It is well understood that the power of the court is strictly statutory, that the court has no general or incidental equity powers. *Stewart* v. *Stewart*, 20 N.P.(N.S.), 273.

The allowance in this case was made upon the petition of the wife; that is upon her cross-petition under Section 11998.

Section 11990 is a general section which applies whether the wife is a petitioner or cross-petitioner. Section 11998 seems also to be general. At any rate by the three provisions, Sections 11990, 11991 and 11998 alimony may be allowed "out of her husband's property" (11990), *or* "in real or personal property or both" (11991), *or* "out of her husband's property as is equitable, which may be allowed to her in real or personal property *or* both, *or in money,* payable either in gross or by installments."

But Section 11991 provides that alimony *may* be allowed in real or personal property or both, *or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable."*

Sections 11990 and 11991 duplicate the provision that alimony *may* be allowed out of her husband's *property.* Section 11990 uses the word *property* while 11991 uses the words "out of her husband's *property* and "in real or personal property."

Sections 11991 and 11998 contain the alternative, authorizing the court to allow alimony, out of property, "or" by "decree" or "judgment" to award it *in money payable either in gross or installments."*

Appellate Judges Hamilton, Jones and Gorman held that—
"the trial court had power to decree alimony by way of payment of a specified sum each week, *provided the court found the husband to be possessed of property out of which the sum was allowed."*

Discussing the record Hamilton states that at the time of hearing, the husband was possessed of both real and personal

property, etc., and in the absence of anything to the contrary it will be presumed that the court proceed according to law and found the husband to be possessed of property out of which alimony could be legally decreed.

Judge Hamilton also states that a plain reading of Section 11990 discloses that:

"Alimony can be allowed only out of her husband's property, and can not be based upon future personal earnings or future wages. Future personal earnings or future wages can not be considered as property."

In *Frickel* v. *Granger*, 83 O. S., 101, the court observes that:

"Alimony is not a debt and payable as debt, damages or penalty; but is an award by the court upon consideration of equity."

Judge Hamilton, in *Lape* v. *Lape, supra,* further states:

"A decree for alimony to the wife    *    *    *    must be based on property owned by the husband at the time of the granting of the divorce; and that a decree for alimony based on future personal earnings or future wages is not authorized under the statute.    *    *    *    Finding the husband to have property out or which alimony may be decreed, the court under Section 11991, G. C., has jurisdiction to order such alimony paid in weekly payments or other installments. *We hold that decreeing a specified sum to be paid each week is decreeing a sum of money within the meaning of the statutes.*"

I have thus quoted from this appellate court opinion for the purpose of pointing out what seems to me its want of reasoning.

If alimony *must* be allowed in real or personal property, an order of weekly or monthly payments, can not by any "hook or crook" of logical reasoning be considered as allowing alimony in real or personal property, unless we shall consider a matured obligation to pay money a species of personal property. Judge Hamilton and his associates evidently do not consider personal earnings to be personal property.

But a *chose in action* is property; money due for wages is a debt. A chose in action is a right to recover a debt or money.

A *chose* is classed as personal property. Bouvier's Dict., p. 483.

On this ground we think the appellate opinion is unsound. But a stronger reason for dissenting from the opinion is what appears to be the manifest import of both Sections 11991 and 11998.

Alimony may be allowed; First in real property, *or* second in personal property, *or* third, both; *or* fourth, by decreeing such sum of money, payable either in gross or installments.

*Or* is a co-ordinate conjunction that marks an *alternative;* that is, each mode of allowing alimony in real or personal property, or by decree or judgment for specific sum of money stand equal, or of the same order of importance. The word marks the connection between three separate independent modes of allowance of alimony, either one of which alternatives may be adopted and pursued by the court.

If the husband has real property alimony therein may be allowed. *Or* if he has tangible personal property alimony may be allowed out of such property. *Or* if he has neither real or personal tangible property, possessing nothing but his earning powers and daily, weekly or monthly income or wages, the court may adopt the third independent alternative and decree or adjudge to the wife a sum of money payable either in gross or installments.

This court is, therefore, of the opinion that, both under Sections 11991 and 11998, it has a third distinct and independent alternative right to "decree" or "give judgment" for money, to be made payable either in gross or installments payable out of money derived from the business, trade or occupation of the former husband.

The first ground of the motion to set aside the former order of the court will therefore be overruled.

However the court is inclined to sustain the second ground of motion to modify the former order now existing against plaintiff upon the further hearing of evidence. The court will order that the motion be set down for oral hearing upon evidence to be deduced by the parties. This case has been a reflection upon the court and parties, and it must come to a final conclusion in such way that there will be no more controversy.